

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 23, 1968

Honorable Robert S. Calvert
Comptroller of Public Accounts
State of Texas
Austin, Texas

Opinion No. M-280

Re: Validity of a certain
expenditure restriction
contained in the general
appropriations bill,
which restrictions were
vetoed by the Governor.

Dear Mr. Calvert:

Your request for an opinion reads in part as follows:

"The Comptroller of Public Accounts respect-
fully requests your official opinion in regard to
the validity of certain restrictions contained in
H.B. 5, the General Appropriations Bill, passed by
the 60th Legislature, First Called Session 1968.
In opinions No. V-1254 (August 25, 1951) and M-219
(April 18, 1968) you expressed the opinion that
certain restrictions placed upon expenditures of
money in the appropriation bill might conflict with
general law and would be invalid. In your Opinion
No. V-1196 (June 28, 1951) you expressed the
opinion that the Governor's veto of a restriction
without a concurrent veto of a specific item
of appropriations under certain circumstances would
not be an effective veto. The General Appropriations
Bill contained the following restrictions upon
expenditures, all of which restrictions were vetoed
by the Governor:

". . .

" (4) The Department of Public Safety.

"'The Department of Public Safety is authorized
to own and operate three (3) airplanes and two (2)

helicopters only, all of which are to be
based in Austin except for rescue operations.
None of the funds appropriated above shall
be expended for the purchase of airplanes
or helicopters without the specific approval
of the Governor.'

" . . .

"Attached is a copy of the Governor's Proc-
lamation issued on July 20, 1968, in vetoing the
above restrictions to the Appropriations Act.

"The Comptroller hereby requests your of-
ficial opinion as to whether the Comptroller may
issue warrants for payments out of the funds in-
volved without regard to the restrictions listed
above."

In a subsequent separate opinion, this office
will issue its opinion on the other restrictions con-
tained in your opinion request. In Attorney General
Opinion Number M-219 (1968), this office held invalid a
rider which provides priorities as to certain historical
sites contained in the General Appropriations Bill for
the Parks and Wildlife Department to follow, on the ground
that such rider was in conflict with the general statute,
Article 6081s, Vernon's Civil Statutes. The rule con-
cerning validity of riders in the Appropriations Bill is
set out in Attorney General Opinion Numbers C-119 (1963),
V-1254 (1951) and V-1196 (1951), as well as numerous other
Attorney General Opinions. The rule may be stated as follows:
General legislation cannot be embodied in the General Appro-
priations Bill. This does not mean that a General Appro-
priations Bill may not contain general provisions and details
limiting and restricting the use of funds therein appropriated
if they do not conflict with or amount to general legislation.
Moore v. Sheppard, 144 Tex. 537, 192 S.W.2d 559 (1946);
Conley v. Daughters of the Republic, 106 Tex. 80, 156 S.W. 197
(1913). Thus, it may be stated that in addition to
appropriating money and stipulating the amount, manner and

purpose of the various items of expenditure, a General Appropriations Bill may contain any provisions or riders which detail, limit or restrict the use of funds or otherwise insure that the money is spent for the required activity for which it is therein appropriated, if the provisions or riders are necessarily connected with and incidental to the appropriation and use of funds, and provided they do not conflict with general legislation. Attorney General Opinion No. 1254 (1951), supra, and authorities cited therein.

With regard to the authority of the Governor to veto separate riders in the General Appropriations Bill, it was held in Fulmore v. Lane, 104 Tex. 449, 140 S.W. 405 (1911), that the Governor has only such power as the Constitution confers upon him, and in the absence of expressed authorization, he may not disapprove certain paragraphs or portions of a bill and approve the remainder. The authority of the Governor to approve or disapprove legislation is contained in Section 14 of Article IV of the Constitution of Texas, which provides, in part, as follows:

> ". . . If any bill presented to the Governor contains several items of appropriation he may object to one or more of such items, and approve the other portion of the bill. In such case he shall append to the bill, at the time of signing it, a statement of the items to which he objects, and no item so objected to shall take effect.
> . . ."

Fulmore v. Lane, supra, is the leading case on the authority of the Governor to veto riders in an Appropriations Bill and it was stated in that case:

> ". . . The executive veto power is to be found alone in section 14, art. 4, of the Constitution of this state. By that section he is authorized to disapprove any bill in whole, or, if a bill contains several items of appropriation,

he is authorized to object to one or more of such
items. Nowhere in the Constitution is the authority
given the Governor to approve in part and disapprove
in part a bill. The only additional authority to dis-
approving a bill in whole is that given to object to
an item or items, where a bill contains several items
of appropriation. It follows conclusively that
where the veto power is attempted to be exercised
to object to a paragraph or portion of a bill other
than an item or items, or to language qualifying an
appropriation or directing the method of its uses,
he exceeds the constitutional authority vested in
him, and his objection to such paragraph, or portion
of a bill, or language qualifying an appropriation,
or directing the method of its use, becomes non-
effective. So that we are constrained to hold that
that portion of the veto message contained in sub-
division 3 of the statement of objections appended
to the appropriation bill and filed in the office
of the Secretary of State (dealing with the rider)
was unauthorized, and therefore noneffective, and
the paragraph so attempted to be stricken out
will remain as a part of the appropriation bill . .
. . "

Thus it was held in Attorney General Opinion
Number V-1196 (1951), relying on Fulmore v. Lane, supra,
as well as numerous other out-of-state cases, that the
Governor has the power to veto only items of an Appropriation
Bill and does not have authority to veto a rider in the
Appropriation Bill unless the rider itself constitutes an
item of appropriation. A veto by the Governor of any pro-
vision of an Appropriation Bill which is incidental to the
appropriation and is an inseparable part of an item of
appropriation is beyond the constitutional authority dele-
gated to the Governor by the provisions of Section 14 of
Article IV of the Constitution of Texas.

Applying the foregoing principles to the pro-
vision of the General Appropriations Bill set out above in
your request, you are advised that the Comptroller may issue
warrants for payments out of the funds involved without

regard to that restriction listed in your request, for the reason that such restriction constitutes general legislation and is therefore invalid, as outlined in Attorney General Opinions M-219 (1968), C-119 (1963) and V-1254 (1951).

In view of this conclusion, it is unnecessary for this office to determine whether the veto of such provision constituted a lawful exercise of the powers granted the governor by the provisions of Section 14 of Article IV of the Constitution of Texas.

S U M M A R Y

The Comptroller may issue warrants for payments out of appropriated funds without regard to the quoted invalid restriction involving the Department of Public Safety contained in the Appropriations Bill.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Bill Allen
Roger Tyler
Alfred Walker
Richard Chote
John Banks
A. J. Carubbi, Jr.
Executive Assistant